# UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
DISTRICT OF KANSAS

**RALPH L. DELOACH**
CLERK

**INGRID CAMPBELL**
CHIEF DEPUTY CLERK

259 U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KANSAS 66101
(913) 551-6719

204 U.S. COURTHOUSE
401 N. MARKET
WICHITA, KANSAS 67202
(316) 269-6491

490 U.S. COURTHOUSE
444 S.E. QUINCY
TOPEKA, KANSAS 66683
(785) 295-2610

Clerk, US District Court
333 Constitution Ave. NW
Washington, DC 20001

**FILED**

SEP 0 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   USA vs. Karen L. Nelson
      Our Case No. 02-10126-02-MLB
      Your Case No. 06-PT-338

Dear Clerk:

Pursuant to a transfer of jurisdiction, the above-entitled case is being transferred to your district.

Please find enclosed certified copies of the transfer of jurisdiction, indictment, judgment and an attested copy of the docket sheet. In addition, as our court uses electronic case filing, you may also access our electronic case file and print copies of electronically filed documents by following the procedures on the attached Instruction Sheet. You will need Adobe Acrobat reader loaded on your computer in order to view the documents. If you are an electronic court, you may upload the documents.

Please **DO NOT MAKE THE INSTRUCTION SHEET A PART OF THE OFFICIAL RECORD** as it contains your login and password to our system. This login and password should not be shared with anyone other than federal court personnel who would have a need to access our electronic case file system.

If you have any questions, please advise.

Sincerely,

RALPH L. DeLOACH, Clerk

By _s/ C. Schoonover_
    Deputy Clerk

Enclosures

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER (Tran. Court) 6:02CR10126-002 |
|---|---|---|
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER (Rec. Court) 06-PT-338 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE: | DISTRICT | DIVISION |
|---|---|---|
| Karen L. Nelson | DISTRICT OF KANSAS | Wichita |
| FILED SEP 0 5 2006 RALPH L. DeLOACH, CLERK By _____ Deputy | NAME OF SENTENCING JUDGE Honorable Monti L. Belot | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM 09/07/2007 — TO 09/06/2009 |

| OFFENSE | |
|---|---|
| Interstate Transportation in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a)(3) | FILED SEP 01 2006 NANCY MAYER-WHITTINGTON CLERK |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE "DISTRICT OF KANSAS"

   IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Columbia upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

_8-3-06_ _____ _/s/ Monti Belot_____
Date                                    United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

   IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_Aug. 31, 2006_ _____ _/s/ Thomas F. Hogan_____
Effective Date                              United States District Judge

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER-WHITTINGTON, Clerk
By _____ Deputy Clerk

U.S. DISTRICT COURT ) ss:
DISTRICT OF KANSAS )
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
RALPH L. DeLOACH, Clerk
By _____
Dated: 9-5-06

CLOSED

# U.S. District Court
# District of Kansas (Wichita)
## CRIMINAL DOCKET FOR CASE #: 6:02-cr-10126-MLB-ALL

Case title: USA v. Nelson, et al                Date Filed: 08/27/2002

Assigned to: Judge Monti L Belot

**Defendant**

**Karen L Nelson** (1)                represented by  **Timothy J. Henry**
*TERMINATED: 04/15/2003*                             Office of Federal Public Defender - Wichita
                                                     850 Epic Center
                                                     301 North Main Street
                                                     Wichita, KS 67202
                                                     316-269-6445
                                                     Fax: 316-269-6175
                                                     Email: tim_henry@fd.org
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Public Defender or Community Defender Appointment*

**Pending Counts**                                   **Disposition**

18:1952(a)(3)(A) and (B) Travel in                   Deft pleaded guilty to count 2 of the
interstate commerce to promote the                   indictment and sentenced to 60 months
facilitation of a felony (INDICTMENT                 imprisonment and 2 years of supervised
FILED 8/27/02)                                       release with standard and special
(2)                                                  conditions of supervision; Assessment:
                                                     $100.00

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                **Disposition**

21:841(a) and (b)(1) Possession with
intent to distribute cocaine HCL                     Dismissed
(INDICTMENT FILED 8/27/02)
(1)

**Highest Offense Level (Terminated)**

Felony

ATTEST: A true copy
RALPH L. DeLOACH, Clerk
By _____ Deputy

**Complaints**

None

**Disposition**

---

Assigned to: Judge Monti L Belot

**Defendant**

**Ebony L Pinkett** (2)
*TERMINATED: 04/15/2003*

represented by **Stephen T. Ariagno**
Ariagno, Kerns, Mank & White
328 North Main
Wichita, KS 67202
316-265-5511
Fax: 316-265-4433
Email: ariagno@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

**Pending Counts**

18:1952(a)(3)(A) and (B) Travel in interstate commerce to promote the facilitation of a felony (INDICTMENT FILED 8/27/02)
(2)

**Disposition**

Deft pleaded guilty to count 2 of the indictment and sentenced to 60 months imprisonment and 2 years of supervised release with standard and special conditions of supervision; Assessment: $100.00

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

21:841(a) and (b)(1) Possession with intent to distribute cocaine HCL (INDICTMENT FILED 8/27/02)
(1)

**Disposition**

Dismissed

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

**Plaintiff**

**USA**

represented by **Mona L. Furst**

Office of United States Attorney --
Wichita
1200 Epic Center
301 North Main Street
Wichita, KS 67202
316-269-6481
Fax: 316-269-6484
Email: mona.furst@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/27/2002 | 1 | INDICTMENT by USA naming Karen L Nelson (1) & Ebony Pinkett (2) as to counts 1 & 2 (CS) (Entered: 08/28/2002) |
| 08/27/2002 | 2 | PRAECIPE for warrant as to defendant Karen L Nelson (CS) (Entered: 08/28/2002) |
| 08/27/2002 | 3 | PRAECIPE for warrant as to defendant Ebony L Pinkett (CS) (Entered: 08/28/2002) |
| 08/28/2002 | | ARREST WARRANT issued for Karen L Nelson to USM (CS) (Entered: 08/28/2002) |
| 08/28/2002 | | ARREST WARRANT issued for Ebony L Pinkett to USM (CS) (Entered: 08/28/2002) |
| 09/23/2002 | 4 | RETURN of Warrant issued on 8/28/02. Warrant returned executed as to defendant Ebony L Pinkett ; defendant arrested on 9/20/02 (EF) (Entered: 09/24/2002) |
| 09/23/2002 | 5 | RETURN of Warrant issued on 8/28/02. Warrant returned executed as to defendant Karen L Nelson ; defendant arrested on 9/20/02 (EF) (Entered: 09/24/2002) |
| 10/09/2002 | 6 | MINUTE SHEET of Rule 5/arraignment hearing held 10/9/02 before Magistrate Judge Donald W. Bostwick as to defendant Ebony L Pinkett: first appearance of deft Ebony L Pinkett; Attorney Stephen T. Ariagno present and appointed; defendant Pinkett arraigned; not guilty plea entered as to the indictment; deft continues to be released on O/R bond; court did increase amount of bond to $35,000 and added additional conditions of release; government opposed release on bond; next appearance per scheduling order before Judge Belot; recorded #: 02-43; 919-1444 (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 7 | FINANCIAL AFFIDAVIT (CJA Form 23) as to defendant Ebony L Pinkett (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 8 | CJA Form 20 Copy 4 (Appointment of Counsel) for defendant Ebony L Pinkett appointing attorney Stephen Ariagno (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 9 | ENTRY OF APPEARANCE for defendant Ebony L Pinkett by attorney |

| | | |
|---|---|---|
| | | Stephen Ariagno (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 10 | ORDER modifying conditions of release for defendant Ebony L Pinkett. Defendant ordered released on $35,000 O/R bond by Magistrate Judge Donald W. Bostwick (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 11 | APPEARANCE BOND Posted: $35,000.00 O/R for defendant Ebony L Pinkett (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 12 | MINUTE SHEET of Rule 5/arraignment hearing held 10/9/02 before Magistrate Judge Donald W. Bostwick as to defendant Karen L Nelson: first appearance of deft Nelson; Attorney Timothy J. Henry present and appointed; defendant Nelson arraigned; not guilty plea entered as to the indictment; deft continues to be released on O/R bond; court increased amount of bond to $35,000 and added additional conditions of release; government opposed release on bond; next appearance per scheduling order before Judge Belot; recorded #: 02-43; 196-918 (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 13 | FINANCIAL AFFIDAVIT (CJA Form 23) as to defendant Karen L Nelson (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 14 | MINUTE ORDER entered by Clerk: appointing FPD to represent the deft (cc: all counsel, USM, USPO) (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 15 | ENTRY OF APPEARANCE for defendant Karen L Nelson by attorney Tim Henry (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 16 | APPEARANCE BOND Posted $35,000 OR bond for defendant Karen L Nelson (CS) (Entered: 10/10/2002) |
| 10/09/2002 | 17 | ORDER modifying conditions of release for defendant Karen L Nelson; defendant ordered released on $35,000 O/R bond by Magistrate Judge Donald W. Bostwick (CS) (Entered: 10/10/2002) |
| 10/15/2002 | 18 | GENERAL ORDER OF DISCOVERY AND SCHEDULING by Judge Monti L. Belot: jury trial set for 9:00 on 12/17/02 for defts Karen L Nelson & Ebony L Pinkett; see order for details (cc: all counsel, USM, USPO) (CS) (Entered: 10/16/2002) |
| 10/17/2002 | 19 | ARREST WARRANT issued on 8/28/02 returned executed on 9/20/02 as to defendant Ebony L Pinkett (CS) (Entered: 10/18/2002) |
| 10/21/2002 | 20 | RULE 40 Documents received from District of Columbia as to deft Karen L Nelson (cc: all counsel, USM, USPO, Mag Judge) (CS) (Entered: 10/21/2002) |
| 10/21/2002 | 21 | RULE 40 Documents received from District of Columbia as to deft Ebony L Pinkett (cc: all counsel, USM, USPO, Mag Judge) (CS) (Entered: 10/21/2002) |
| 11/12/2002 | 22 | JOINT MOTION to continue pretrial motions deadline until 12/27/02 and the trial to a later date by defts Nelson & Pinkett; referred to Judge Monti L. Belot (CS) (Entered: 11/13/2002) |
| | | |

| | | |
|---|---|---|
| 11/14/2002 | 23 | ORDER OF CONTINUANCE per 18:3161 by Judge Monti L. Belot granting defendants' joint motion to continue pretrial motions deadline until 12/27/02 and the trial to a later date [22-1]; pretrial motions filing deadline reset for 12/27/02 for defendants Karen L Nelson and Ebony L Pinkett; jury trial reset for 9:00 1/21/03 (cc: counsel, USM, USPO) (VLW) (Entered: 11/15/2002) |
| 12/21/2002 | 24 | MOTION to suppress evidence obtained 7/20/02 by defendant Ebony L Pinkett referred to Judge Monti L. Belot (VLW) (Entered: 12/26/2002) |
| 12/24/2002 | 25 | MOTION to join any and all motions filed by co-defendant Nelson by defendant Ebony Pinkett referred to Judge Monti L. Belot (VLW) (Entered: 12/26/2002) |
| 12/27/2002 | 26 | MOTION AND BRIEF to suppress evidence by defendant Karen L Nelson referred to Judge Monti L. Belot (VLW) (Entered: 12/30/2002) |
| 12/30/2002 | 27 | RESPONSE by plaintiff USA to motions to suppress evidence by defendants Karen L Nelson [26-1] and Ebony L Pinkett [24-1] (cc: Judge Belot) (CS) (Entered: 12/31/2002) |
| 01/07/2003 | 28 | NOTICE OF HEARING by Clerk; motion to suppress hearing set for 9:00 1/16/03 for Karen L Nelson, for Ebony L Pinkett (cc: all counsel, USM, USPO) (EF) (Entered: 01/08/2003) |
| 01/17/2003 | 29 | EX PARTE ORDER PURSUANT TO RULE 17(b) by Judge Monti L. Belot (FILED UNDER SEAL) (cc: defense counsel) (CS) Modified on 01/23/2003 (Entered: 01/21/2003) |
| 01/17/2003 | 30 | MINUTE SHEET of suppression hearing held 1/17/03 before Judge Monti L. Belot as to defendants Karen L Nelson and Ebony L Pinkett: denying motions to suppress evidence by defendant Karen L Nelson [26-1] and Ebony L Pinkett [24-1]; witness list attached; exhibit 1 withdrawn at end of hearing; Court Reporter: Schwemmer (CS) (Entered: 01/21/2003) |
| 01/21/2003 | 31 | TRANSCRIPT of defts' testimony in motion hearing held 1/16/03 before Judge Monti L. Belot as to defendants Karen L Nelson & Ebony L Pinkett; volume 1 of 1, pages 1-155; Court Reporter: Schwemmer (CS) (Entered: 01/21/2003) |
| 01/21/2003 | 32 | MINUTE SHEET of change of plea hearing held 1/21/03 before Judge Monti L. Belot as to defendant Karen L Nelson: deft pleaded guilty to count 2 of the indictment; PSI ordered; sentencing set for 4/7/03 at 9:30; Court Reporter: Schwemmer (CS) (Entered: 01/21/2003) |
| 01/21/2003 | 33 | PETITION TO ENTER PLEA OF GUILTY AND ORDER ENTERING PLEA by Judge Monti L. Belot: guilty plea entered by deft Karen L Nelson as to count 2 of the indictment (cc: all counsel, USPO) (CS) (Entered: 01/21/2003) |
| 01/21/2003 | 34 | PLEA AGREEMENT as to defendant Karen L Nelson (cc: USPO) (CS) (Entered: 01/21/2003) |
| | | |

| | | |
|---|---|---|
| 01/21/2003 | 35 | MINUTE SHEET of change of plea hearing held 1/21/03 before Judge Monti L. Belot as to defendant Ebony L Pinkett: deft pleaded guilty to count 2 of the indictment; PSI ordered; sentencing hearing set for 9:30 on 4/7/03 for deft Ebony L Pinkett; Court Reporter: Schwemmer (CS) Modified on 01/23/2003 (Entered: 01/21/2003) |
| 01/21/2003 | 36 | PETITION TO ENTER PLEA OF GUILTY AND ORDER ENTERING PLEA by Judge Monti L. Belot: guilty plea entered by deft Ebony L Pinkett as to count 2 of the indictment (cc: all counsel, USPO) (CS) (Entered: 01/21/2003) |
| 01/21/2003 | 37 | PLEA AGREEMENT as to defendant Ebony L Pinkett (cc: USPO) (CS) (Entered: 01/21/2003) |
| 01/21/2003 | 38 | NOTICE OF HEARING: sentencing hearing set for 9:30 on 4/7/03 for defts Karen L Nelson & Ebony L Pinkett (cc: all counsel, USM, USPO) (CS) (Entered: 01/21/2003) |
| 01/24/2003 | 39 | MEMORANDUM AND ORDER by Judge Monti L. Belot: denying motions to suppress evidence by defendants Karen L Nelson [26-1] and Ebony L Pinkett [24-1]; # of pages: 10 (cc: all counsel, USPO, USM) (CS) (Entered: 01/27/2003) |
| 04/08/2003 | 40 | Minute Entry for proceedings held before Judge Monti L Belot :Sentencing held on 4/8/2003 as to defendant Karen L Nelson. See J&C for details; $100 total assessment. Defendant to voluntarily surrender. Witness list attached. (Court Reporter Cindy Schwemmer) (vlw) (Entered: 04/09/2003) |
| 04/08/2003 | 41 | Minute Entry for proceedings held before Judge Monti L Belot.Sentencing held on 4/8/2003 as to defendant Ebony L Pinkett. See J&C for details. Total Assessment $100. Defendant to voluntarily surrender. (Court Reporter Cindy Schwemmer) (vlw) (Entered: 04/09/2003) |
| 04/15/2003 | 42 | JUDGMENT as to Karen L Nelson (1): Count 1 Dismissed; Deft pleaded guilty to count 2 of the indictment and sentenced to 60 months imprisonment and 2 years of supervised release with standard and special conditions of supervision; Assessment: $100.00. Signed by Judge Monti L Belot on 4/14/03. (cs) (Entered: 04/16/2003) |
| 04/15/2003 | 43 | JUDGMENT as to Ebony L Pinkett (2): Count 1 Dismissed; Deft pleaded guilty to count 2 of the indictment and sentenced to 60 months imprisonment and 2 years of supervised release with standard and special conditions of supervision; Assessment: $100.00. Signed by Judge Monti L Belot on 4/15/03. (cs) (Entered: 04/16/2003) |
| 06/11/2003 | 44 | Judgment Returned Executed as to Ebony L Pinkett on 6/2/03. (cs) (Entered: 06/12/2003) |
| 06/11/2003 | 45 | Judgment Returned Executed as to Karen L Nelson on 3/20/03. (cs) (Entered: 06/12/2003) |
| 07/24/2003 | 46 | Satisfaction of Assessment by USA as to Karen L Nelson (Wilson, |

|  |  | Tanya) (Entered: 07/24/2003) |
|---|---|---|
| 08/27/2003 | ●47 | Satisfaction of Assessment by USA as to Ebony L Pinkett (Wilson, Tanya) (Entered: 08/27/2003) |
| 09/05/2006 | ●48 | Probation Jurisdiction Transferred to District of Columbia as to Karen L Nelson - Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (cs, ) (Entered: 09/05/2006) |

FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AUG 27  5 06 PM '02

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | Criminal Action |
| ) | |
| v.  ) | No. 02-_10126_01, 02-_MLB_ |
| ) | |
| KAREN L. NELSON,  ) | |
| and EBONY L. PINKETT,  ) | |
| ) | |
| Defendants.  ) | |

## INDICTMENT

The Grand Jury charges:

### COUNT 1

On or about July 20, 2002, in the District of Kansas,

**KAREN L. NELSON and**
**EBONY L. PINKETT,**

the defendants herein, did unlawfully, knowingly, and intentionally possess with the intent to distribute over 500 grams (approximately 4.5 kilograms) of a mixture or substance containing a detectable amount of cocaine HCL, a controlled substance.

In violation of Title 21, United States Code § 841 (a) & (b)(1)(B).

### COUNT 2

On or about July 20, 2002, in the District of Kansas and elsewhere, the defendants,

**KAREN L. NELSON and**
**EBONY L. PINKETT,**

did travel in interstate commerce, through the District of Kansas from elsewhere, with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or

carrying on of an unlawful activity, that is the possession with the intent to distribute over 500 grams (approximately 4.5 kilograms) of a mixture or substance containing a detectable amount of cocaine HCL, a controlled substance, and thereafter, did perform acts to promote, manage, establish, carry on or facilitate the promotion, management, establishment, or carrying on of an unlawful activity.

In violation of Title 18, United States Code, Section 1952(a)(3)(A) & (B).

A TRUE BILL

8/27/02
DATE

FOREMAN OF THE GRAND JURY

ERIC F. MELGREN
United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Ks. S. Ct. No. 12430

(It is requested that trial be held in Wichita, Kansas.)

Bond fixed at: $ Detain  KAREN L. NELSON

Bond fixed at: $ Detain  EBONY L. PINKETT

UNITED STATES DISTRICT JUDGE

U.S. DISTRICT COURT) ss:
DISTRICT OF KANSAS )
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
RALPH L. DeLOACH, Clerk
By_____ Deputy
Dated:_____

FILED
U.S. DISTRICT COURT

# United States District Court
## District of Kansas

APR 15  2 05 PM '03

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| KAREN L. NELSON | Case Number: 6:02CR10126-002 |

Timothy J. Henry
Defendant's Attorney

**THE DEFENDANT:**

[x] pleaded guilty to count: <u>2 of the Indictment</u> .
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

ENTERED ON THE DOCKET
DATE: 4-16-03

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1952(a)(3) | Interstate Transportation in Aid of Racketeering | 07/20/02 | 2 |

    The defendant is sentenced as provided in pages 2 through <u>6</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___.

[x] Count <u>1 of the Indictment</u> is dismissed on the motion of the United States.

    IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.:

Defendant's Date of Birth:

Defendant's USM No.:

<u>Defendant's Residence Address</u>:

<u>Defendant's Mailing Address</u>:

04/07/03
Date of Imposition of Judgment

_Signature of Judicial Officer_

Honorable Monti L. Belot, U. S. District Judge
Name & Title of Judicial Officer

4/14/03
Date

U.S. DISTRICT COURT ) ss:
DISTRICT OF KANSAS )
I hereby certify that the foregoing is a true copy of the original on file in this court and cause.
RALPH L. DeLOACH, Clerk
By _____ Deputy

| DEFENDANT: | KAREN L. NELSON | Judgment - Page 2 of 6 |
|---|---|---|
| CASE NUMBER: | 6:02CR10126-002 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  60 months .

[ ]   The Court makes the following recommendations to the Bureau of Prisons:

[ ]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.

   [ ] at ___ on ___.

   [ ] as notified by the United States Marshal.

[x]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before _ on _.

   [x] as notified by the United States Marshal.

   [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

   Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
Deputy U.S. Marshal

DEFENDANT:     KAREN L. NELSON                                                                                  Judgment - Page 3 of 6
CASE NUMBER:   6:02CR10126-002

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 3/01) Judgment in a Criminal Case---Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | KAREN L. NELSON | Judgment - Page 4 of 6 |
| CASE NUMBER: | 6:02CR10126-002 | |

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall immediately provide the probation officer with access to any and all requested financial information, to include executing any release of information forms necessary for the probation office to obtain and/or verify said financial information.

DEFENDANT: KAREN L. NELSON
CASE NUMBER: 6:02CR10126-002

Judgment - Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth in this Judgement.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ - 0 - | $ - 0 - |

[ ] The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ _ | $_ | |

[ ] If applicable, restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options set forth in this Judgement may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [ ] the interest requirement is waived for the    [ ] fine and/or    [ ] restitution.

    [ ] the interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: KAREN L. NELSON
CASE NUMBER: 6:02CR10126-002

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [ ] Lump sum payment of $ due immediately, balance due
   [ ] not later than _____, or
   [ ] in accordance with ( ) C, ( ) D, or ( ) E below; or

B  [x] Payment to begin immediately (may be combined with ( ) C, ( ) D, or (x) E below); or

C  [ ] Payment in __ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ] Payment in __ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or year(s)), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  [x] Special instructions regarding the payment of criminal monetary penalties:


If restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25.

Payments should be made to Clerk, U.S. District Court, U.S. Courthouse - Room 259, 500 State Avenue, Kansas City, Kansas 66101.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

| Case Number (including Defendant Number) | Defendant Name | Joint and Several Amount |
|---|---|---|
| | | |

[ ] The defendant shall pay the cost of prosecution.
[ ] The defendant shall pay the following court cost(s):
[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, (8) costs, including cost of prosecution and court costs..